IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## STATE OF TENNESSEE v. KENNETH ANDERSON

**Appeal from the Circuit Court for Montgomery County**
**No. 40129      Robert W. Wedemeyer, Judge**

_____

**No. M2000-00754-CCA-R3-CD - Filed May 31, 2001**

_____

The Defendant, Kenneth Anderson, appeals as of right from the revocation of his probation by the trial court. On appeal, he asserts that the trial court erred by ordering him to serve the balance of his sentence in incarceration after finding that he had violated his probation. We find no error; thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Kenneth Anderson.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Mike McCowen, District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 12, 1999, the Defendant pled guilty to aggravated burglary and received an eight year sentence as a Range II offender, to be served on probation. On November 18, 1999, the State filed a violation of probation warrant against the Defendant, alleging that he had violated his probation by (1) failing to obey all laws; (2) failing to report all arrests; (3) failing to maintain employment; (4) failing to obtain permission before leaving Tennessee; (5) failing to report to his probation officer; and (6) failing to pay court costs. After a probation revocation hearing on March 10, 2000, the trial judge found that the Defendant had violated his probation and ordered the Defendant to serve his eight year sentence in incarceration.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him or her to make an intelligent decision. See Mitchell, 810 S.W.2d at 735.

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, it must be established that the record contains no substantial evidence to support the trial judge's conclusion that a probation violation occurred, and that because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997).

After a review of the transcript of the Defendant's probation revocation hearing, we are unable to conclude that no substantial evidence supports the trial judge's conclusion that a probation violation occurred. At the hearing, the State established that the Defendant stopped reporting to his probation officer after his first two visits. Since being placed on probation, the Defendant was arrested for writing a bad check, shoplifting, and simple possession of marijuana. He failed to report any of these arrests to his probation officer. The shoplifting arrest resulted in a conviction in Christian County, Kentucky, which was proved by a certified copy of the conviction from Christian County. That conviction also served as the basis for the allegation that the Defendant left Tennessee without permission. A Clarksville police officer testified about arresting the Defendant on an outstanding warrant for writing a bad check and subsequently finding a small marijuana cigarette in the Defendant's ashtray. The officer testified that the marijuana resulted in a conviction for simple possession of a controlled substance, and a certified copy of the general sessions judgment was entered into evidence, reflecting that the Defendant pled guilty to the offense. However, the Defendant had not signed that judgment, and defense counsel argued that it was invalid on its face. The Defendant asserted that he did not pled guilty to simple possession, but he also admitted that the police officer found the marijuana in his car. He claimed that his car had recently been in a repair shop and that he did not know how the marijuana got there. The Defendant further testified that the bad check was written in January of 1999, before he pled guilty to the instant offense, and that the charge was dismissed because the check had been disposed of in a prior agreement involving multiple bad checks. He said that he did not report this arrest to his probation officer because he thought the matter had already been resolved. Nevertheless, the Defendant admitted that he was arrested for shoplifting in Kentucky, that he pled guilty to that offense, and that he did not report the arrest and conviction to his probation officer. He explained that he was in Kentucky because the stores in Kentucky are closer to his home than the stores in Tennessee. The Defendant said that he called his probation officer after he missed one appointment, but he did not contact her after that because he was afraid she had a warrant out for him and he did not want to be arrested. He also admitted that he has two prior felony convictions, that he has multiple prior misdemeanor convictions, and that he violated his probation on other convictions on more than one occasion.

Considering this evidence, especially the Defendant's admissions that he violated his probation, we conclude that there was more than enough evidence for the trial judge to intelligently determine that the Defendant violated his probation. Upon finding a violation of probation, the trial judge clearly had the discretionary authority to revoke the Defendant's probation and order him to

serve his sentence in incarceration. <u>See</u> Tenn. Code Ann. §§ 40-35-310, 311(e); <u>State v. Hunter</u>, 1 S.W.3d 643, 647 (Tenn. 1999). We find no abuse of discretion. We thus find no error with the revocation of the Defendant's probation.

The Defendant also asserts on appeal that his appointed counsel was ineffective at his revocation hearing because counsel failed to subpoena or notify defense witnesses; failed to subpoena records; and failed to prepare for the hearing. He asks this Court to grant him a new hearing in which he can present evidence. However, while a defendant is entitled to minimal due process rights at a probation revocation hearing, he or she does not generally have a constitutional right to counsel at such a hearing. <u>See</u> <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 790 (1973); <u>State v. Wade</u>, 863 S.W.2d 406, 408 (Tenn. 1993); <u>David Cox v. State</u>, No. 03C01-9712-CC-00532, 1999 WL 83992, at *2 (Tenn. Crim. App., Knoxville, Feb. 19, 1999). Moreover, other than bare allegations, the Defendant has made no showing of how counsel was ineffective or how counsel's ineffectiveness would have changed the outcome of his revocation hearing. To succeed on a claim that his or her counsel was ineffective, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Burns</u>, 6 S.W.3d 453, 461 (Tenn. 1999). At the hearing, the Defendant's counsel cross-examined the State's witnesses and questioned the Defendant about the alleged probation violations. Because the Defendant admitted probation violations, we are not persuaded that any other actions of counsel would have changed the result of the proceeding. This issue has no merit.

The judgment of the trial court is affirmed.

                                                              _____
                                                          DAVID H. WELLES, JUDGE